# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES BRADY, | : |
| Plaintiff, | : |
| v. | : Civ. No. 23-1078-GBW |
| STATIC MEDIA, dba NICKI SWIFT, | : |
| Defendant. | : |

James Brady, Manasquan, New Jersey, Pro Se Plaintiff.

Kevin Scott Mann, Esq., Cross & Simon, LLC, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

September 6, 2024
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff James Brady, of Manasquan, New Jersey, proceeding *pro se*, filed this action alleging defamation-based claims against Defendant Static Media and others on the basis of diversity jurisdiction. (D.I. 1.) Plaintiff's Second Amended Complaint is the operative pleading. (D.I. 8.) Defendant now moves to dismiss the Second Amended Complaint for failure to state a claim. (D.I. 15.) The parties have briefed the matter in full. (D.I. 16, 17, 18, 20, 21.) Also pending before the Court is Defendant's motion to strike Plaintiff's sur-reply brief. (D.I. 22; *see also* D.I. 23 (Plaintiff's response in opposition)) The Court now resolves the pending motions as follows.

## II. BACKGROUND

The Second Amended Complaint alleges four causes of action against Defendant, including conspiracy, libel, false light invasion of privacy, and intentional infliction of emotional distress. (D.I. 8 at 25-28.) All four causes of action arise from allegedly defamatory statements that were included in the September 30, 2022 online publication of Defendant's news story, "The Truth About Judge Judy's Children." (*Id.* at 7-8.)

The Second Amended Complaint asserts that this article contains eight defamatory statements against Plaintiff. (*Id.* at 9-25.) These eight statements

pertained to civil lawsuits involving Plaintiff, IGS Realty, and Gregory Sheindlin, and they are reviewed in brief below.

First, the article stated that "Gregory Sheindlin *was* at the center of a headline-making lawsuit" when a lawsuit is still pending and has not yet been resolved. (*Id.* at 9-10 (emphasis added))

Second, the article stated that there was a "unanimous guilty verdict" against Plaintiff in a civil suit when "guilty" is a legal term used exclusively in the criminal context, and Plaintiff was never part of a criminal case. (*Id.* at 10-15.)

Third, the article stated, "The drama began in 2009 when [Plaintiff] failed to pay his rent and Sheindlin was hired to represent [IGS Realty]," when Sheindlin did not, in fact, enter appearance in the matter on IGS Realty's behalf until 2017. (*Id.* at 15.)

Fourth, the article again stated that Plaintiff had been found "guilty" when he was never part of a criminal case. (*Id.* at 16-17.)

Fifth, the article stated, "In the end, the rent [Plaintiff] owed combined with interest and attorneys' fees totaled to a whopping $1.7 million" (*id.* at 17), when it is Plaintiff's position that he was actually "forced to pay IGS [Realty] over $1.7 million dollars because of the fraud scheme created by Gregory Sheindlin" (*id.* at 14). (*See id.* at 17-22.)

2

Sixth, the article again referenced a "unanimous guilty verdict" against Plaintiff. (*Id.* at 23.)

Seventh, the article stated, "Rather than back down, [Plaintiff] started posting YouTube videos accusing Sheindlin of stealing his life's savings and robbing him of $1.7 million," which implied that Plaintiff's claims were false. (*Id.* at 23-24.)

Eighth, the article stated that Plaintiff had "assured the New York Post that all of his claims were true," when the New York Post never actually spoke to Brady. (*Id.* at 24-25.)

According to the Second Amended Complaint, Plaintiff communicated with Defendant by email on October 4, 2023, asserting that the September 30, 2022 article contained false and defamatory statements, as discussed above. (*Id.* at 3-4.) The same day, Defendant responded, informing Plaintiff that the article had been removed. (*Id.* at 4.)

## III.  LEGAL STANDARD

In reviewing a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his

3

Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct

4

alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210. A claim is facially plausible "when the plaintiff

5

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

Upon review of the Second Amended Complaint and supporting exhibits, and with the benefit of adversarial briefing, the Court concludes that Plaintiff has failed to state a claim against Defendant. To review, the four causes of action alleged in the Second Amended Complaint arise from allegedly defamatory statements in Defendant's September 2022 news story. Accordingly, no cause of action can proceed without a preliminary finding of defamation.

When determining whether a publisher like Defendant is liable for defamation, the Court must determine whether the publisher's statements are "substantially true." *See Gannett Co. v. Re*, 496 A.2d 553, 557 (Del. 1985). A publisher's statements are considered "substantially true" when they are no "more damaging to plaintiff's reputation, in the mind of the average reader, than a truthful statement would have been." *Id.* As part of this evaluation, the Court considers whether the "gist" of the article was true. *Id.*

Even when viewed in the light most favorable to Plaintiff, the eight allegedly defamatory statements from the September 2022 article pass the test set out in *Gannet Co.* and, accordingly, the article is considered substantially true. For example, the Court cannot find that the colloquial use of the term "guilty" affected

6

Plaintiff's reputation in the mind of the average reader differently than a term such as "liable" or "responsible," when the September 2022 article clearly discussed a lawsuit between two private parties, Plaintiff and IGS Realty, and never alluded to a criminal charge against Plaintiff.

According to Plaintiff's own allegations in the Second Amended Complaint, there was a civil lawsuit involving Plaintiff and IGS Realty, Gregory Sheindlin represented IGS Realty, Plaintiff had to pay IGS Realty $1.7 million, and then Plaintiff pursued legal action, claiming that the $1.7 million was wrongfully obtained, a claim that Plaintiff maintains. The September 2022 article captured the "gist" of these allegations, even with the inclusion of the eight statements highlighted by Plaintiff in the Second Amended Complaint.

As such, the Second Amended Complaint has not established a prima facie case for defamation. Because all four causes of action alleged against Defendant rely on the underlying allegedly defamatory statements, the Second Amended Complaint fails to state a claim against Defendant. Dismissal of the Second Amended Complaint is therefore appropriate, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## V. CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss the Second Amended Complaint (D.I. 15) and deny Defendant's motion to strike Plaintiff's sur-reply brief (D.I. 22) as moot.

An appropriate Order will be entered.