IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES BRADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-1078-GBW |
| | ) | |
| STATIC MEDIA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

At Wilmington, this 16th day of April 2025, *pro se* Plaintiff James Brady, having moved for reargument (D.I. 26) regarding the Court's September 2024 Memorandum Opinion and Order (D.I. 24, 25), which granted Defendant Static Media's motion to dismiss for failure to state a claim (D.I. 15);

WHEREAS a motion for reargument must show that "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension," *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990); *see also* D. Del. LR 7.1.5;

WHEREAS, to the extent that Plaintiff's motion is also intended as a motion for reconsideration, it must "correct manifest errors of law or fact or . . . present newly discovered evidence," *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*,

176 F.3d 669, 677 (3d Cir. 1999), rather than asserting facts or arguments that "inexcusably were not presented to the court in the matter previously decided," *Brambles USA*, 735 F. Supp. at 1240 (citations omitted);

WHEREAS, to the extent that Plaintiff's motion is otherwise intended as a motion to alter or amend judgment, pursuant to Federal Rule of Civil Procedure 59(e), it "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); and

WHEREAS, to the extent that Plaintiff's motion is otherwise intended as a motion for relief from final order, pursuant to Federal Rule of Civil Procedure 60(b), it must be based on one of five specified grounds, *see* Fed. R. Civ. P. 60(b)(1)-(5), or "extraordinary circumstances," *Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977);

IT IS HEREBY ORDERED that Plaintiff's motion for reargument (D.I. 26) is **DENIED**, as it does not show any misunderstanding, outside decision, or error of apprehension in the September 2024 Memorandum Opinion and Order (D.I. 24, 25) as required to establish that reargument is warranted, *see Brambles USA*, 735 F. Supp. at 1241, and it does not cure the defects in the pleading that led to dismissal,

or otherwise warrant reconsideration of, alteration or amendment to, or relief from the September 2024 Memorandum Opinion and Order, which granted Defendant's motion to dismiss for failure to state a claim.

                                        The Honorable Gregory B. Williams
                                        United States District Judge